UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:24-cv-09916-AH (BFMx) | Date February 13, 2025 |
| Title *Nahid Lahiji v. Liberty Mutual Insurance Co., et al.* | |

Present: The Honorable Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING MOTION TO REMAND [13] [JS-6]

Before the Court is Plaintiff Nahid Lahiji's ("Plaintiff") Motion to Remand ("Motion"). Mot. to Remand, Dkt. 13 ("Mot."). Defendants Liberty Mutual Insurance Company ("LMIC") and Liberty Insurance Corporation ("LIC") (collectively, "Liberty Defendants") opposed. Opp'n, Dkt. 17. Plaintiff replied. Reply, Dkt. 18. The matter is fully briefed, and the Court heard oral argument on February 12, 2025. For the following reasons, Plaintiff's Motion is GRANTED.

I.   **BACKGROUND**

On April 8, 2024, Plaintiff commenced this action in Los Angeles County Superior Court. Notice of Removal ("NOR") ¶ 1, Dkt. 1. On August 30, 2024, LMIC filed a notice of removal to that April 2024 complaint. Decl. of Nicole Houman ("Houman Decl.") ¶ 6, Dkt. 13-1. On September 18, 2024, the parties filed a stipulation that the notice of removal was not timely filed, so the case was remanded to Los Angeles County Superior Court. *Id.* ¶ 7.

On October 7, 2024, Plaintiff filed a First Amended Complaint. Mot. at 5. LIC was not served with the First Amended Complaint but received a copy from Plaintiff's counsel via email on October 16, 2024. NOR ¶ 21.

On November 15, 2024, LIC filed the operative Notice of Removal. *See* NOR ¶ 21. On December 13, 2024, Plaintiff filed the instant Motion. *See* Mot.

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction, with subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a).

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Diversity jurisdiction "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). When a case is removed pursuant to diversity jurisdiction under 28 U.S.C. § 1441(b), as was done here, *see* Mot. at 1, "[t]he presence of the non-diverse party automatically destroys original [subject matter] jurisdiction." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 389 (1998). However, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Zogbi v. Federated Dept. Store*, 767 F.Supp. 1037, 1041 (C.D. Cal. 1991). Such fraudulently joined "sham defendants" should be disregarded for purposes of subject matter jurisdiction. *See McCabe*, 811 F.2d at 1339. But if a resident defendant is not fraudulently joined, the case should be remanded to state court pursuant to 28 U.S.C. § 1447(c). *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1048 (9th Cir. 2009).

"A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Grancare*, 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1046). "[T]he court resolves all ambiguity in favor of remand to state

court." *Hunter*, 582 F.3d at 1042. And "fraudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." *Morris v. Princess Cruises, Inc.*, 236 F.3d at 1068; *see also West Am. Corp. v. Vaughan Basset Furniture*, 765 F.2d 932, 936 n.6 (9th Cir. 1985) (stating that the court may consider affidavits, depositions, and other evidence).

"There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter*, 582 F.3d at 1044). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003) (quoting *McCabe*, 811 F.2d at 1339). However, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare*, 889 F.3d at 548 (emphasis in original) (quoting *Hunter*, 582 F.3d at 1046).

## III.   DISCUSSION

The parties do not dispute whether the amount in controversy is satisfied, or the citizenship of Plaintiff of Liberty Defendants. The issues here are: (1) whether the First Amended Complaint was operative at the time of removal; and (2) whether Defendants Anssi Viljanen and Stephen Gimenez were fraudulently joined to defeat diversity jurisdiction.

### A.   Whether the First Amended Complaint Was Operative at the Time of Removal

Plaintiff argues that the First Amended Complaint, which provides the basis for the Notice of Removal, was not operative at the time of removal. Mot. at 6–8. Specifically, Plaintiff argues that removal was premature because the First Amended Complaint was filed before Plaintiff sought and was granted leave of court to file an amended complaint. *Id.* at 8.

To buttress this argument, Plaintiff argues that the Ninth Circuit's holding in *Casola v. Dexcom, Inc.*, 98 F.4th 947 (9th Cir. 2024), renders Defendants' removal

null because the First Amended Complaint was not operative at the time of removal, which would make the complaint filed on April 8, 2024, operative and the present removal untimely, Mot. at 9–10.

In *Casola*, the Ninth Circuit held that "an electronically submitted complaint is not 'filed' in California state court until it is processed and endorsed or otherwise acknowledged as officially filed by the clerk of the court." 98 F.4th at 962 (citing Cal. Gov't Code § 69846.5). The Ninth Circuit added that a "case will normally become removable as of the filing date shown on the endorsement stamped on the complaint when it is entered into the court's record." *Id.* (holding removal was premature if done before the date the clerk stamped "ELECTRONICALLY FILED" on the complaints).

Here, the First Amended Complaint is included with the Notice of Removal and is stamped as "FILED" by the clerk on October 7, 2024. *See* NOR at 62, Ex. K.[1] Accordingly, under the reasoning of *Casola*, it was the operative complaint at the time of removal.

Plaintiff argues that even though the First Amended Complaint was filed on October 7, 2024, that filing was defective because Plaintiff did not seek leave to file an amended complaint as LMIC had filed an answer by that time. Mot. at 6–7; Reply at 2.

Under California law, a plaintiff may not file, as a matter of right, an amended complaint after the defendant files an answer. Cal. Code Civ. P. § 472(a) ("A party may amend its pleading once without leave of the court at any time before the answer, demurrer, or motion to strike is filed"). If an amended complaint is filed after a defendant answers but before leave is granted, the trial court has discretion to strike the pleadings, either on its own motion or on a motion by a party. *Id.* § 436(b); *Loser v. E. R. Bacon Co.*, 201 Cal. App. 2d 387, 390 (1962) ("A court may, by virtue of its inherent power to prevent abuse of its processes, strike an amended complaint which is filed in disregard of established procedural processes."). But that power, by definition, is not automatic by operation of law. *See* Cal. Code Civ. P. § 436(b) ("The court may, upon motion made pursuant to Section 435, or at any time in its discretion, and upon terms it deems proper"); *Loser*, 201 Cal. App. 2d at 390 ("A court *may* . . . strike an

---

[1] The Court cites to the document and page numbers assigned to this docket entry on the electronic docketing system, CM/ECF.

amended complaint") (emphasis added).  Accordingly, the First Amended Complaint remained the operative complaint at the time of removal because no action had been taken by the Superior Court to strike it at that time.

Plaintiff also argues that her Notice of Errata, filed on November 19, 2024, had some effect on her First Amended Complaint.  Mot. at 5, 10.  However, Plaintiff does not explain how her Notice of Errata could nullify the filing of the First Amended Complaint without some further action of the court. *See generally*, Mot.; Reply.  Plaintiff argues that Liberty Defendants did not strictly comply with 28 U.S.C. § 1446(d) because the Liberty Defendants did not promptly file the notice of removal with the state court after they removed the case to this Court, and that somehow the Notice of Errata filed in between the time of removal and filing of the notice with the state court had some effect on the filing of the First Amended Complaint.  Mot. at 11.  This argument lacks merit because four days is well within the bounds of "prompt" under § 1446(d), and section 1446(b) does not require the notice of removal to state court to "effect the removal."  *See Castro v. Chipotle Mexican Grill, Inc.*, 2009 WL 10673113, at *1–*2 (C.D. Cal. July 14, 2009) (finding a six-day delay was prompt and further finding that notice to the state court of the removal had no bearing on when remove was effected); *Koerner v. Aetna U.S. Healthcare, Inc.*, 92 F. App'x 394, 396 (9th Cir. 2003) ("Procedural requirements for removal, such as the timely filing of the notice of removal [with the state court], are 'formal and modal,' not jurisdictional.").  In any event, no action had been taken by the Superior Court prior to the filing of the notice of removal with the Superior Court.

To the extent Plaintiff argues that Liberty Defendants "removed a case based on an amended complaint stricken by state court," the Court finds such an argument unpersuasive.  On November 20, 2024, after Liberty Defendants removed the case to this Court, the state court struck Plaintiff's First Amended Complaint pursuant to Plaintiff's verbal request at a hearing.  *See* Mot. at 64.  Dkt. 13-1.  But "[o]nce a notice of removal is filed, 'the State court shall proceed no further unless and until the case is remanded.'"  *Roman Cath. Archdiocese of San Juan, P. R. v. Acevedo Feliciano*, 589 U.S. 57, 63 (2020) (quoting 28 U.S.C. § 1446(d)).  Any subsequent proceedings are not simply erroneous, "but absolutely void."  *Id.* at 64.  It follows that, because the Notice of Removal was filed on November 15, 2024, the order striking the First Amended Complaint was void because it occurred five days later.

Accordingly, the Court concludes that the First Amended Complaint was operative at the time of removal.

### B. Whether Defendants Were Fraudulently Joined

Next, Plaintiff argues that joinder of Defendants Anssi Viljanen and Stephen Gimenez is pending, and that diversity is defeated because those two defendants are residents of California, not Texas as the First Amended Complaint erroneously reads. Mot. at 12. Liberty Defendants argue that joinder of these two defendants to defeat diversity jurisdiction is fraudulent.

The test for fraudulent joinder "is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." *Grancare*, 889 F.3d at 549. "The relative stringency of the standard accords with the presumption against removal jurisdiction, under which we strictly construe the removal statute, and reject federal jurisdiction if there is any doubt as to the right of removal in the first instance." *Id.* at 550 (quotations omitted). Courts "must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* Any doubts about the propriety of removal must be resolved in favor of remand. *Id.* "[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Id.*

Liberty Defendants argue that, even if Viljanen and Gimenez are California citizens, they were fraudulently joined because Plaintiff cannot establish a cause of action against either for negligent misrepresentation as a matter of law. Opp'n at 16. According to the Liberty Defendants, the First Amended Complaint lacks sufficient facts to establish Viljanen or Gimenez acted outside the scope of their employment as insurance adjusters. *Id.* at 17–18. Specifically, Liberty Defendants argue that, as a matter of law, "insurance company employees who act within the course and scope of their employment cannot be held individually liable for that conduct unless they act as a dual agent or for their own personal benefit." Opp'n at 18 (quoting *Dobbel v. Liberty Ins. Corp.*, 2018 WL 3495661, at *4 (E.D. Cal. July 20, 2018)). Liberty Defendants also cite *Mercado*, 340 F.3d at 825–26, and *Lippert v. Bailey*, 241 Cal. App. 2d 376 (1966), to support this assertion.

However, in *Bock v. Hansen*, 225 Cal. App. 4th 215 (2014), which was issued after the Ninth Circuit's decision in *Mercado*, the California Court of Appeal noted that "California courts have recognized a cause of action for negligent misrepresentation, i.e., a duty to communicate accurate information, in two circumstances. The first situation arises where providing false information poses a risk of and results in physical harm to person or property. The second situation arises where information is conveyed in a commercial setting for a business purpose." *Id.* at 229. The *Bock* court thus held that "a cause of action for negligent misrepresentation can lie against an insurance adjuster." *Id.* at 231; *see also Zuccolotto v. Zurich Am. Ins. Co.*, 2016 WL 10981515, at *2 (C.D. Cal. Sept. 26, 2016) (identifying the two types of actionable misrepresentations from *Bock* that may be brought against insurance adjusters); *818Computer, Inc. v. Sentinel Ins. Co., Ltd.,* 2019 WL 698102, at *4 (C.D. Cal. Feb. 19, 2019) (same).

Liberty Defendants fail to establish that no negligent misrepresentation cause of action could be brought here against the individual defendants consistent with *Bock*. Rather, Liberty Defendants attempt to cabin *Bock* to just the first situation where there is a risk of physical harm. Opp'n at 20–21. In doing so, Liberty Defendants ignore the second situation set forth in *Bock* "where information is conveyed in a commercial setting for a business purpose." 225 Cal. App. 4th at 229.[2]

Liberty Defendants further argue that Plaintiff has not sufficiently stated facts to support negligent misrepresentation; specifically, that a negligent misrepresentation claim is subject to a heightened pleading standard and insufficient facts are pled in the First Amended Complaint regarding

---

[2] The Court also finds persuasive the analysis in *Celestino v. JPMorgan Chase Bank, N.A.*, 2023 WL 3607285, at *1–*2 (N.D. Cal. March 31, 2023), where the court reasoned that "[b]ecause *Mercado* relied on *Lippert* and other cases concerning actions arising from contractual duties, it is not clear that *Mercado* precludes employee liability for tort-based claims." Although *Celestino* limited *Mercado* to the insurance context, as is present here, this Court finds that *Bock* provides a sufficient basis for a possible negligent misrepresentation cause of action against the two individual insurance adjusters, regardless of whether they were alleged to have acted within the course and scope of their employment. At a minimum, the uncertainty surrounding the application of *Bock* demonstrates that there is not an "obvious" failure to state a claim according to the settled rules of the state.

misrepresentations by these two individual defendants. Opp'n at 17. But that argument conflates the standard of review for fraudulent joinder with the standard of review on a Rule 12(b)(6) motion. *See Grancare*, 889 F.3d at 549. Plaintiff has provided a proposed amended complaint with her Motion that leads the Court to conclude that any defects with her Complaint could possibly be cured by amendment. *See* Houman Decl., Ex. D at 30.[3] For example, Plaintiff alleges in her proposed amended complaint that Defendants, including Viljanen and Gimenez, "made numerous misrepresentations throughout the course of the claim handling process." *Id.* at 46. Plaintiff alleges that one example includes where Liberty Defendants agreed to pay to replace her hot tub and then subsequently refused. *Id.* at 39–40. To the extent these allegations are insufficient, Defendants have not established that it is not possible for Plaintiff to amend the complaint to state a claim against Viljanen or Gimenez. *See* Opp'n at 21–22. Indeed, courts have routinely rejected fraudulent joinder arguments "even though claims for individual liability appeared weak." *818Computer Inc. v. Sentinel Ins. Co. Ltd.*, 2019 WL 698102, at *9–*10 (citing *Martinez v. Michaels*, 2015 WL 4337059, at *10 (C.D. Cal. July 15, 2015) ("[E]ven where the allegations underlying an IIED claim appear to be a relatively weak, courts generally do not find fraudulent joinder, given that the sufficiency of the plaintiff's factual allegations is of limited import in deciding a motion to remand attacking a removal based on fraudulent joinder.") (internal quotation marks and alterations omitted). In their Opposition, Liberty Defendants provide no evidence to rebut the possibility that Plaintiff could state a claim under California law. *See generally* Opp'n; *see also Morris*, 236 F.3d at 1068 ("fraudulent joinder claims may be resolved by piercing the pleadings and considering summary judgment-type evidence such as affidavits and deposition testimony").

In resolving all doubts in favor of Plaintiff, the Court concludes that Liberty Defendants have not carried their burden to establish that Viljanen and Gimenez were fraudulently joined. Accordingly, the Court finds that it lacks jurisdiction over this case.[4]

---

[3] The Court cites to the document and page numbers assigned to this docket entry on the electronic docketing system, CM/ECF.

[4] In light of this ruling, the Court declines to address Plaintiff's alternative argument regarding unanimity.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand.  This case is therefore remanded to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**